UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SIMON T. KIM,                                      Case No.

                Plaintiff,

    -   against   -                    **COMPLAINT**

                                     **JURY TRIAL DEMANDED**

COMPUCOM SYSTEMS LLC,

                Defendant.
-------------------------------------------------------------------X

Plaintiff SIMON T. KIM ("Plaintiff"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendant COMPUCOM SYSTEMS LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1.     This action arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA"), Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"), New York State Human Rights Law, NY Exec L § 296 et. seq ("State Law" or "NYSHRL") and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law" or "NYCHRL").

2.     Defendant knowingly violated Plaintiff's rights under federal, State, and City laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

3.     Damages and other legal relief are sought pursuant to the FMLA, ADA, NYSHRL, and NYCHRL.

1

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over Plaintiff's State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this District because Defendant conducts business in this District, and acts and/or omissions giving rise to the claims alleged herein took place in this district.

**PARTIES**
*Plaintiff*

6.      At all relevant times, Plaintiff was a resident of Westchester County who worked in the State and City of New York.

7.      Plaintiff was at all times an "eligible employee" within the meaning of the FMLA in that she had been continuously employed by Defendant for more than one (1) year and had worked more than 1,250 hours during the 12 months preceding her leave.

8.      Plaintiff was at all times an "employee" within the meaning of the ADA, protected from discrimination and retaliation.

9.      Plaintiff was at all times an "employee" within the meaning of NYSHRL and NYCHRL, protected from discrimination and retaliation.

10.     Plaintiff was an individual who had a disability under the ADA, State Law, and City Law.

11.     Plaintiff at all relevant times had a serious health condition (diabetes) within the

2

meaning of the FMLA.

*Defendant*

12.     Defendant was Plaintiff's employer.

13.     Defendant maintains a principal place of business at 44 Maiden Lane, New York, NY 10017.

14.     At all relevant times, Defendant has been engaged in commerce or in an industry or activity affecting commerce and has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant is therefore a covered employer under the FMLA.

15.     At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed more than twenty (20) employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year and accordingly is an "employer" within the definition of the ADA.

16.     At all relevant times hereto, Defendant has continuously been doing business in the State and City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definition of State and City Law.

**FACTUAL ALLEGATIONS**

17.     Plaintiff was employed by Defendant as a technology consultant from May 20, 2022 through September 19, 2025.

18.     At the time, Plaintiff was already providing consulting services to the Federal Reserve Bank of New York and continued to do so.

19.     Throughout his employment, Plaintiff was qualified for his position and performed his job duties competently and satisfactorily.

3

20.    Beginning in April/May 2025, Plaintiff experienced medical issues related to Type 2 Diabetes, requiring medical treatment and emergency room visits.

21.    In early July 2025, Plaintiff informed his manager, Jacqueline Marlin, that he had gone to the emergency room a few times due to a serious health condition.

22.    Plaintiff applied for and was approved for intermittent FMLA leave from July 16, 2025, to October 31, 2025 through Sunlife Insurance.

23.    During the FMLA time period, Plaintiff tried to schedule doctor appointments on weekends to minimize impact on his work.

24.    On August 23, 2025, after passing out in Home Depot, likely due to complications from diabetes, and severely injuring himself, Plaintiff was hospitalized for two days.  He was advised to have various follow-up appointments and additional testing.

25.    Plaintiff informed Ms. Marlin that he had passed out, had hit his head on concrete, was being hospitalized, and may require a heart monitor.  He also informed onsite Team Lead Dishon Clark of same.

26.    Plaintiff returned to work remotely on August 28th and 29th and in person thereafter.

27.    On September 22, 2025, Plaintiff received an email informing him that his assignment with the Federal Reserve was terminated effective September 19th.

28.    That morning, Plaintiff also saw for the first time a message sent to his personal email account on September 18th, stating that he had failed to record his absences with Sunlife.

29.    Plaintiff immediately contacted Sunlife and provided the few dates of his FMLA Leave. However, his termination stood.

30.    During a telephone conversation later that day, Ms. Marlin stated that he was

terminated because the Federal Reserve did not approve his 3 days of FMLA leave in October 2025.

31.    Based on the foregoing, Defendant discriminated against Plaintiff based on his disability, retaliated against Plaintiff for engaging in protected activity (requesting accommodations), and retaliated against under the FMLA.

**FIRST CAUSE OF ACTION**
**(FMLA Retaliation)**

32.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

33.    Plaintiff suffered from a serious health condition (diabetes) and took FMLA protected leave.

34.    Defendant willfully violated the FMLA by terminating Plaintiff in retaliation for taking leave that was protected under the FMLA.

35.    As a proximate result of the Defendant's unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings, fringe benefits and liquidated damages.

**SECOND CAUSE OF ACTION**
**(FMLA Interference)**

36.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

37.    Plaintiff suffered from a serious health condition (diabetes) and requested FMLA protected leave but was denied.

38.    Defendant willfully violated the FMLA by interfering with his rights.

39.    As a proximate result of the Defendant's unlawful acts, Plaintiff has suffered and

continues to suffer substantial losses in past and future earnings, fringe benefits and liquidated damages.

## THIRD CAUSE OF ACTION
### (Discriminatory Termination of Employment
### Based on Disability in Violation of the ADA)

40.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41.     Plaintiff suffered from a disability, diabetes, under the ADA.

42.     Defendant violated the ADA when it terminated Plaintiff's employment because of his disability.

43.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

44.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## FOURTH CAUSE OF ACTION
### (Retaliatory Termination of Employment
### Based on Disability in Violation of the ADA)

45.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46.     Plaintiff suffered from a disability, specifically diabetes, under the ADA.

47.     Plaintiff requested reasonable accommodations for his disability.

48.     Defendant retaliated against Plaintiff by terminating his employment because he

6

requested accommodations.

49.     As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

50.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**FIFTH CAUSE OF ACTION**
**(Discriminatory Termination of Employment**
**Based on Disability in Violation of State Law)**

51.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52.     Plaintiff suffered from a disability, specifically diabetes, under State Law.

53.     Defendant violated State Law when it terminated Plaintiff's employment because of his disability.

54.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

55.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION
### (Retaliatory Termination of Employment
### Based on Disability in Violation of State Law)

56.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57.     Plaintiff suffered from a disability (diabetes) under State Law.

58.     Plaintiff requested reasonable accommodations for his disability.

59.     Defendant retaliated against Plaintiff by terminating his employment because he requested accommodations.

60.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

61.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SEVENTH CAUSE OF ACTION
### (Discriminatory Termination of Employment
### Based on Disability in Violation of City Law)

62.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63.     Plaintiff suffered from a disability (diabetes) under City Law.

64.     Defendant violated City Law when it terminated Plaintiff's employment because of his disability.

65.     As a proximate result of the Defendant's unlawful acts of discrimination,

8

Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

66.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## EIGHTH CAUSE OF ACTION
### (Retaliatory Termination of Employment Based on Disability in Violation of City Law)

67.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68.     Plaintiff suffered from a disability (diabetes) under City Law.

69.     Plaintiff requested reasonable accommodations for his disability.

70.     Defendant retaliated against Plaintiff by terminating his employment because he requested accommodations.

71.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation, and harm to his reputation.

72.     As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

9

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

A.     back pay, prejudgment interest, front pay, liquidated damages, and damages for all employment wage and benefits Plaintiff would have received but for the unlawful acts and practices of Defendant;

B.     compensatory damages for emotional distress, pain and suffering, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation;

C.     liquidated damages;

D.     punitive damages;

E.     reasonable attorneys' fees and costs incurred in this action; and

F.     any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
        July 31, 2026

Respectfully submitted,

**FISHER TAUBENFELD LLP**

_____
Liane Fisher, Esq.
*Attorneys for Plaintiff*
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Fax: (212) 505-2001
Liane@fishertaubenfeld.com

10